van Gestel, J.
This matter comes before the Court on the seemingly never-ending saga of the LoStracco family battle. Most recently, Joseph LoStracco has moved to assess against his former sister-in-law Janet Kwiat, f/k/a Janet LoStracco, damages for the not insignificant cost of the transcript on appeal in this action. The procedural status of the appeal in what remains of this case requires that the current motion be DENIED.
On May 29, 1997, this Court denied the motion by Joseph LoStracco (LoStracco), to alter or amend its entry of judgment notwithstanding the verdict in favor of Janet Kwiat, f/k/a Janet LoStracco (Kwiat), in his abuse of process counterclaim herein. Thereafter, on June 19, 1997, LoStracco filed a notice of appeal. The case is now fully ensconced in the Appeals Court, the record having been assembled, notice thereof having been given, and the case having been entered therein. Thus, there is serious doubt as to whether this Court has any jurisdiction to act on LoStracco’s most recent motion, absent permission to do so from the Appeals Court.
Additionally, there seems to be no current basis to support the motion.
LoStracco argues that, although he was the first to file a notice of appeal — on June 19, 1997 — because Kwiat was permitted to file a cross-appeal on July 30, 1997, and because she was the plaintiff in the trial court, she is now the “appellant.” He cites Mass.R.App. 16(i). LoStracco then argues that it is the appellant’s *54 duty to order and pay for the transcript on appeal, citing Mass.R.App. 8(b)(1), and, since he actually ordered and paid therefor, he now wants this Court to order Kwiat to reimburse him.
Setting aside the jurisdictional gap first noted above, this Court reads the appellate rules as providing a different result from that now urged by LoStracco. Rule 16(i) mandates that: “If a cross appeal is filed, the plaintiff in the court below shall be deemed the appellant for the purposes of this rule and Rules 18 and 19, unless the parties otherwise agree or the court otherwise orders.” (Emphasis added.) Mass.R.App. 8(b)(1) requires the appellant, within ten days after fling the notice of appeal, to order from the court reporter a transcript of such parts of the proceedings as he deems necessary for inclusion in the record.
Mass.R.App. 4(a) provides that “any other parly, upon the timely filing of a notice of appeal, may file a notice of appeal within fourteen days of the date on which the frst notice of appeal was fled.” (Emphasis added.) Thus, even if Kwiat’s cross appeal was timely filed, it still was LoStracco’s duty under Rule 8(b)(1) to order the transcript by June 29, 1997. Kwiat’s cross appeal was not due until July 3, 1997.
Further, as noted above, the provision of Rule 16(i) naming the plaintiff the appellant in the instance of a cross appeal does not reach back to Rule 8(b)(1).
Thus, even if this Court has any jurisdiction to act without permission from the Appeals Court, the motion must be DENIED.